MICHAEL J. SHEPARD (CA Bar No. 91281)
4 EMBARCADERO CENTER
22ND FLOOR
SAN FRANCISCO, CA 94111

Pro Se

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

In re:

HELLER EHRMAN LLP,

    Debtor.

Case No. 08-32514

Chapter 11

OBJECTION OF CREDITOR AND FORMER SHAREHOLDER MICHAEL J. SHEPARD TO JOINT PLAN OF LIQUIDATION OF HELLER EHRMAN LLP

**Confirmation Hearing**
Date:    July 6, 2010
Time:   1:30 p.m.
Dept:   United States Bankruptcy Court
         235 Pine Street, 22nd Floor
         San Francisco, CA
Judge:  Honorable Dennis Montali

    Michael J. Shepard objects to the provisions of the Joint Plan of Liquidation of Heller Ehrman LLP ("The Plan"), e.g. paragraph 4.9, that deem claims of former shareholders to be subordinated and place their priority behind claims in Class 8. The Plan attempts to justify this treatment of the claims of former shareholders in two ways, neither of which is correct.

    First, the Plan asserts that Notes signed by former shareholders provide that "Payment of principal of an interest on this note is subordinate to the prior payment of indebtedness of the [Debtor] for borrowed money . . . " Plan at 26. But such language in a Note cannot justify subordinating the claims of former shareholders to creditors other than the holder of such a Note, or to creditors from whom the former shareholders did not "borrow[] money." Class 8 claims are not made by holders of such a Note or by lenders to shareholders.

    Second, the Plan relies upon language in Debtor's Pre-Bankruptcy Plan of Dissolution.

---

OBJECTION OF CREDITOR AND FORMER SHAREHOLDER MICHAEL J. SHEPARD TO JOINT PLAN OF LIQUIDATION OF HELLER EHRMAN LLP

1  But even if the provisions of that Pre-Bankruptcy Plan control after the bankruptcy filing, those
2  provisions were the product of an exchange of consideration, which has now failed. For example,
3  the Pre-Bankruptcy Plan of Liquidation relinquished claims against shareholders under *Jewel v. Boxer*, 156 Cal. App. 3d 171 (1984), but the Estate is nonetheless claiming the right to pursue
4  them.

Dated: June 22, 2010

Respectfully Submitted,

By: /s/ Michael J. Shepard
Michael J. Shepard

# PROOF OF SERVICE

I, Medina L. Voecks, declare:

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 4 Embarcadero Center, 22nd Floor, San Francisco, California 94111. On June 22, 2010, I served a copy of the within document(s):

OBJECTION OF CREDITOR AND FORMER SHAREHOLDER MICHAEL J. SHEPARD TO JOINT PLAN OF LIQUIDATION OF HELLER EHRMAN LLP

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at San Francisco, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Delivery Service agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

John D. Fiero
Kenneth H. Brown
Teddy M. Kapur
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, CA 94111-4500

Email: jfiero@pszjlaw.com
kbrown@pszjlaw.com
tkapur@pszjlaw.com

Steven H. Felderstein
Thomas A. Willoughby
Jason Rios
Christopher Crowell
FELDERSTEIN FITZGERALD WILLOUGHBY & PASCUZZI LLP
400 Capitol Mall, Suite 450
Sacramento, CA 95814

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

| | |
|---|---|
| 1 | I declare under penalty of perjury under the laws of the State of California that the above |
| 2 | is true and correct. |
| 3 | Executed on June 22, 2010, at San Francisco, California. |
| 4 | |
| 5 | *Medina L. Voecks* (signature) |
| 6 | Medina L. Voecks |